IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel JOHN J. MALONE, SR, and JOHN J. MALONE, SR. individually<br>    Plaintiffs,<br>v.<br><br>OMAHA HOUSING AUTHORITY,<br>BRAD ULRICK,<br>DEBRA LINGWALL,<br>BRAD ASHFORD,<br>WILLIAM BEGLEY,<br>GEORGE ACHOLA,<br>BOB FIDONE,<br>MICHELLE PETERS,<br>DONALD KLEINE.<br>    Defendants. | COMPLAINT AND JURY DEMAND<br><br>FILED UNDER SEAL PURSUANT TO 31 USC § 3730(b)(2)<br><br>DO NOT PLACE IN PRESS BOX<br>DO NOT ENTER ON PACER |

1. Mr. John J. Malone, Sr. (the "relator"), a United States Citizen, brings this action on behalf of the United States of America against defendants for treble damages and civil penalties arising from the defendant's false statements and false claims in violation of the Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq*. The violations arise out of false submissions for certification, false billings/claims, and/or billing for services not rendered or not rendered in compliance with United State Department of Housing and Urban Development requirements.

2. As required under the Civil False Claims Act, 31 U.S.C. §§ 3730 (b)(2), the plaintiff has provided to the Attorney General of the United States and to the United States for the District of Nebraska, as statement of all material evidence and information related to the complaint. This disclosure statement is supported by

material evidence known to the plaintiff at his filing establishing the existence of defendant's false claims. Because the statement includes attorney-client privileged communications and work product of plaintiff's attorney, and submitted to the Attorney General and the U.S. Attorney in their capacity as potential co-counsel in this litigation, the relator understands this disclosure to be confidential.

3. This court has jurisdiction under the laws of the United States. This action arises under, among other laws, the False Claims Act 31 U.S.C. §§ 3729 *ET. seq*. This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732 (a) and (3730(b). This court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331. This court also has jurisdiction under the laws of the United States.

4. Venue is proper under the laws of the United States. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) , because the acts proscribed in 31 U.S.C. §§ 3729 *et. seq*. and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. § 1391 (b) and (c) because at all times material and relevant, defendants transact and transacted business in this District.

## PARTIES

5. Plaintiff is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

6. Upon information and belief, Defendant Omaha Housing Authority ("OHA") is a corporation licensed to do business in Nebraska and it was conducting business in Nebraska at all times material to this case.

7. Upon information and belief, Brad Ulrick is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times

material to this case.

8. Upon information and belief, Debra Lingwall is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

9. Upon information and belief, Brad Ashford is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

10. Upon information and belief, William Begley is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

11. Upon information and belief, George Achola is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

12. Upon information and belief, Bob Fidone is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

13. Upon information and belief, Michelle Peters is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

14. Upon information and belief, Donald Kleine is a resident of Omaha, Douglas County, Nebraska and was a resident of Omaha, Douglas County, Nebraska at all times material to this case.

**BACKGROUND INFORMATION**

15. Relator is the original source of this information to the United States. He has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under the False Claims Act which is based on this information.

16. The Omaha Housing Authority (OHA) was created under Neb. Rev. Stat. §71-1576 with the purpose of administering Federal money from the US Department of Housing and Urban Development (HUD) in order to providing affordable housing those in need.

17. The OHA is subject to the provisions of Neb. Rev. Stat. §§ 71-1572–71-15,168 (1999), known as the Nebraska Housing Agency Act.

18. A substantial undertaking of the OHA is to engage in private contracts, called HAP Contracts, with private property owners under the HUD Section 8 program.

19. The Section 8 program is devised by HUD, with money granted to Public Housing Authorities ("PHA's") such as the OHA.

20. HUD sets criteria to use for the suitability of affordable housing, called the HUD Housing Quality Standards (HQS). These standards are used to evaluate Section 8 homes to supposedly provide uniformity, community to community and avoid "city inspection issues" while keeping housing affordable.

21. HUD sets forth not only an HQS that must be followed by a PHA, but forms and procedures to assure that the HQS are followed indiscriminately to properties.

22. Beginning in 2005, Plaintiff began directly managing residential real estate rental properties that he and his wife owned. At that time, Section 8 tenants occupied some of those properties; the number of Section 8 tenants residing in Plaintiff's

properties increased over time.

## FACTS RELATED TO DEFENDANT'S FALSE CLAIMS ACT VIOLATION

23. Plaintiff is a whistleblower as defined by Federal and State law. Plaintiff has reported false claims made by OHA to the U.S. Government.

24. Plaintiff John J. Malone Sr. is and was at all relevant times, a resident and citizen of the United States of America.

25. Defendant OHA is a corporation licensed to do business in Nebraska and is engaged in the business of providing affordable housing those in need.

26. Defendant knowingly, unlawfully, intentionally, willfully, and wrongfully submitted false claims, records, and statements to officials of the United States for the purpose of obtaining payment or approval in connection with a series of contracts and modifications that Defendant OHA had entered with the United States Government.

27. In addition, on numerous occasions subsequent to the above mentioned acts Defendant, at a minimum, knowingly, intentionally, and willfully submitted claims, records, and statements to officials of the United States for payment and/or approval of housing and services that did not meet the requirements and standards set forth in HUD's HQS.

28. The United States has been damaged by all of the above mentioned misrepresentations and false claims in sum of not less than $250,000.00 in that with respect to certain tenancies claimed by OHA, Defendants knowingly made false claims to officials of the United States for the purpose of obtaining payment or approval without complying with HUD's HQS.

## COUNT I

### False Claims Act Violations by OHA

Plaintiff incorporates the allegations 1-28 by reference.

29. Defendant knowingly, unlawfully, and wrongfully submitted false claims, records, and statements to officials of the United States for the purpose of obtaining payment or approval in connection with a series of contracts and modifications that Defendant had entered with the United States Government.

30. In addition, on numerous occasions subsequent to the above mentioned acts Defendant, at a minimum, knowingly, intentionally, and willfully submitted claims, records, and statements to officials of the United States for payment and/or approval of of housing and services that did not meet the requirements and standards set forth in HUD's HQS.

31. The United States has been damaged by all of the above mentioned misrepresentations and false claims in sum of not less than $250,000.00 in that with respect to certain tenancies claimed by OHA, Defendants knowingly made false claims to officials of the United States for the purpose of obtaining payment or approval without complying with HUD's HQS.

32. Prior to the filing of this action, Plaintiff provided the information upon which this complaint is based to the United States Government.

WHEREFORE, the United States is entitled to damages from Defendant in accordance with the provisions of 31 USCA § 3729 to 3733 of which up to 30% should be paid to Plaintiff as a relator, and such other relief as is appropriate under the statutes and laws at issue.

## COUNT II

**Violation of Whistleblower Protection and 31 U.S.C. § 3730(h) by Defendant OHA**

33. On November 10. 2006, Defendant OHA retaliated against relator by denying three of his properties HAP contracts. Since that time, OHA has told at least four of Plaintiff's tenants, who were under contract at the time that they had to leave Plaintiff's property, despite also requiring Plaintiff to attempt to retain them with specific performance requirements stemming from OHA inspections – requirements that were not in compliance with HUD HQS.

34. Inspectors failed properties based on the tenants' failure to maintain the property, often in breach of the lease, holding Plaintiff responsible for the tenants' breach. On one occasion in 2006, a tenant who did not want to pay to clear a drain as provided for in the lease called for a complaint inspection. The inspector assigned the clearing of the drain to the Plaintiff, despite clear provisions to the contrary in the lease approved by OHA. On another occasion, an OHA inspector required Plaintiff to replace a kitchen floor that was damaged by the tenant and also required Plaintiff to replace an appliance that had been misused and ill-maintained by the tenant, despite the fact that tenants are responsible for "damage to the unit or premises caused by a household member or guest beyond normal wear and tear."

35. As a result of Defendant's unlawful discrimination against Plaintiff as alleged, Plaintiff has suffered and continues to suffer, and has had to incur additional fees, costs, and sums to be proven at trial. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer great emotional distress, humiliation, embarrassment, and damage to his reputation - personal and

professional - which entitles him to compensatory damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare the conduct of the Defendant to be violative of the rights of the Plaintiff under the appropriate federal or state law or laws;

b. Direct the Defendant to reinstate Plaintiff in the section 8 program;

c. Award Plaintiff compensatory damages for pain and suffering and emotional distress in an amount to be determined by the jury or the Court;

d. Award the Plaintiff punitive damages under federal law against Defendant in an amount to be determined by the jury or the Court;

e. Enjoin Defendants from any further discrimination against Plaintiff;

f. Award Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

## COUNT III

**OHA's Tortious Interference With Plaintiff's Existing Contractual Relationships**

Plaintiff incorporates the allegations 1-35 by reference.

36. In the summer of 2007, Plaintiff complained that OHA procedures were forcing a month of vacancy when tenants were changed. Bob Fidone, an employee of OHA, threatened to identify Plaintiff's properties and stop tenancies in all of them.

37. Since that time, OHA has wrongfully told at least four of Plaintiff's tenants who were then living under OHA approved leases on properties owned by Plaintiff, who were under contract at the time, that they had to leave Plaintiff's property, despite

also requiring Plaintiff to attempt to retain them with specific performance requirements stemming from OHA inspections – requirements that were not in compliance with HUD HQS.  Furthermore, OHA wrongfully denied HAP contracts to tenants who had already expressed a desire to live in one of Plaintiff's properties, had signed an agreement to do so and had paid.

37. As a result of Defendant's tortuous interference against Plaintiff as alleged, Plaintiff has suffered and continues to suffer financial losses, and has had to incur additional fees,   costs, and sums to be proven at trial.

FOR: JOHN J. MALONE, SR., Plaintiff

BY: __S/_James Beckmann__
 BECKMANN LAW OFFICES
James Beckmann – #22782
Attorney for Plaintiff
134 South 13th St., Suite 901
Lincoln, NE 68508
(402) 435-0028

***DEMAND FOR JURY TRIAL***

Plaintiff requests a jury trial in Lincoln, Nebraska.

 _S/James Beckmann_____